**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re* SUBPOENA TO ANDREW PERRONG | Misc. No. 2:26-mc-99<br>(Related to Misc. No. 2:26-mc-88 (JFM)) |
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Underlying action:<br><br>United States District Court for the District of Oregon, Portland Division<br><br>Case No. 3:25-cv-00396-SI |

**NON-PARTY ANDREW ROMAN PERRONG'S MOTION**
**TO QUASH SUBPOENA AND TO STAY COMPLIANCE**

Pursuant to Federal Rule of Civil Procedure 45(d)(3) and Local Civil Rules 7.1 and 26.1(f), Non-Party Andrew Roman Perrong respectfully moves this Court to stay and quash the subpoena to produce documents dated October 26, 2026 (the "Subpoena") that Defendant DaBella Exteriors LLC ("DaBella") issued to him in *Weingrad v. DaBella Exteriors LLC*, No. 3:25-cv-00396-SI (D. Or.). The Subpoena commands production at the Lafayette Hill, Pennsylvania office of DaBella's local counsel at 9:00 a.m. on October 30, 2026. This Court is therefore "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); *In re Subpoena to Perrong Law, LLC*, No. 2:26-mc-88, ECF 16 ¶¶ 2-3 (E.D. Pa. Oct. 26, 2026). Mr. Perrong resides in this District and does not consent to transfer under Rule 45(f).

This is DaBella's second subpoena to Plaintiff's counsel, this time personally, for the same materials. On October 26, 2026, the Court dismissed without prejudice Perrong Law LLC's motion

to quash DaBella's first subpoena because that subpoena designated places of compliance in Oregon and Florida. *Id.* ¶ 3. The same day, DaBella reissued substantially the same requests to Mr. Perrong personally, at his home address, with four days to comply. Following the Court's guidance, Mr. Perrong met and conferred with DaBella's counsel before filing this Motion. DaBella did not withdraw the Subpoena.

As the accompanying memorandum of law shows, the Subpoena should be quashed for five reasons. *First*, it seeks irrelevant and disproportionate discovery. The October 20, 2025 doorstep visit it concerns is not part of any claim or defense in this Telephone Consumer Protection Act case, and neither of the two relevance theories DaBella offered at the conference holds up. A year-old letter between counsel is not a claim or defense. And a video of Mr. Perrong's interaction with DaBella's employees cannot show whether police later "trespassed" them, which is the point DaBella says it most needs to prove; the police report, dispatch records, and any body-worn camera footage would show that, and DaBella can obtain them from the police. *Second*, the Subpoena targets opposing counsel, and DaBella cannot satisfy any requirement of the *Shelton* test that courts in this District apply. *Third*, it allows four days to comply, from issuance rather than service, which is not a reasonable time. *Fourth*, Request No. 4, the instructions, and the definition of "you" are improper on their face. *Fifth*, DaBella cannot show the exceptional circumstances Rule 45(f) requires for transfer.

Mr. Perrong has not been served with the Subpoena. He files before its stated compliance time so that his objections are timely and the Court can resolve the dispute on its merits. By filing, he does not concede service, does not consent to service by email, and does not waive any objection, privilege, or protection.

Mr. Perrong therefore asks the Court to (i) stay any obligation to comply with the Subpoena pending decision of this Motion, and (ii) quash the Subpoena in its entirety. This Motion is supported by the accompanying Memorandum of Law, the Declaration of Andrew Roman Perrong and its exhibits, and the proposed orders submitted under Local Civil Rule 7.1.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 26.1(f)**

Pursuant to Local Civil Rule 26.1(f), I certify that, after reasonable effort, the parties are unable to resolve this dispute. On October 29, 2026, I conferred by telephone with Diane Zelmer and Drew L. Eyman, counsel for DaBella, including specifically about the October 26, 2026 Subpoena. I explained that the Subpoena seeks material that is irrelevant to any claim or defense in the underlying action, disproportionate to the needs of the case, and directed at opposing counsel for an improper purpose. DaBella's counsel stated that the materials are relevant for two reasons it identified on the call: (1) Plaintiff's co-counsel's October 21, 2025 letter proposing a sanctions motion based on the employees' threats; and (2) whether DaBella's employees were "trespassed" from Plaintiff's residence, as Plaintiff stated in a declaration in the underlying action. DaBella has not withdrawn the Subpoena.

Dated: October 29, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong

Andrew Roman Perrong (PA Bar No. 333687)
1669 Edgewood Rd., Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
Facsimile: 888-329-0305
a@perronglaw.com
*Non-Party, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I caused the foregoing Motion, Memorandum of Law, Declaration of Andrew Roman Perrong and its exhibits, and proposed orders to be filed with the Clerk of Court using the CM/ECF system, and served copies by email on the following counsel for the parties to the underlying action:

Diane J. Zelmer <djz@berensonllp.com>; Heather Casebolt <hcc@berensonllp.com>; Carmen A. De Gisi <cd@degisilaw.com>; Drew L. Eyman <deyman@swlaw.com>; jlanglois@swlaw.com; ddeo@swlaw.com; pdxecf@swlaw.com; Anthony I. Paronich <anthony@paronichlaw.com>

and by first-class mail upon:

Diane J. Zelmer, Esq., Berenson LLP, 1242 SW Pine Island Rd., Suite 42-414, Cape Coral, FL 33991

Carmen A. De Gisi, Esq., De Gisi Law Group, LLC, 462 Germantown Pike, Suite 11, Lafayette Hill, PA 19444

Drew L. Eyman, Esq., 601 SW 2nd Ave., Suite 2000, Portland, OR 97204

/s/ Andrew Roman Perrong
Andrew Roman Perrong