**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re SUBPOENA TO ANDREW PERRONG

LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

DABELLA EXTERIORS LLC,

Defendant.

Misc. No. 2:26-mc-99
(Related to Misc. No 2:26-mc-88

Underlying Action:

United States District Court for the District of Oregon, Portland Division
Case No. 3:25-CV-00396-SI

**DECLARATION OF DIANE J. ZELMER**

My name is Diane J. Zelmer. Pursuant to 28 U.S.C § 1746, I hereby declare as follows:

1. I am over eighteen years of age and an attorney licensed to practice in the State of Florida. I am an attorney at the law firm Berenson LLP (the "Firm"). I submit this declaration in support of my Response in Opposition to Motion to Quash Subpoena and to Stay Compliance. I make this declaration based on my personal knowledge, and if called to testify, I could and would testify competently to the matters stated below. I do not, by this declaration, disclose the substance of any privileged communication or attorney work product, and I expressly preserve all privileges and protections.

2. Through BERENSON LLP, I am counsel of record, appearing *pro hac vice*, for Defendant DaBella Exteriors LLC in *Weingrad v. DaBella Exteriors LLC*, Case No.: 3:25-cv-00396-DI (D. Or.).

3. On October 26, 2026, I emailed Andrew Perrong with a Notice of Service of Subpoena along with the Subpoena directed to Andrew Perrong that is the subject of this action. I also asked Andrew Perrong to advise us if he thought October 30, 2026 was a reasonable date to comply, and if he was unable to comply within that date to let us know so we could seek another extension to the discovery deadline which was scheduled for October 30, 2026. I also asked Andrew Perrong to advise if he would accept service of the attached subpoena via email. Andrew Perrong responded that he would "not accept service by email" and that he "reserve[d] all rights, including to object on a facially unreasonable date to comply."

4. On October 27, 2026 and October 28, 2026, several attempts were made to serve Andrew Perrong. On October 29, 2026, Andrew Perrong indicated in a conferral that he had not been served yet. I stated that if he would tell us where he was going to be, we would make arrangements to serve him. He responded that he had his rights.

5. On October 29, 2026, I conferred with Andrew Perrong via telephone regarding the Subpoena. Mr. Perrong did not ask to confer regarding any objections to the requests or instructions in the Subpoena. I would have been willing to confer on these topics.

6. In that same call on October 29, 2026, Andrew Perrong argued that we had an obligation to supplement discovery with the 911 call and police report. Although we did not agree with his position, we agreed to voluntarily provide this information and served this information that we received in response to our public records requests in the Underlying Lawsuit on October 30, 2026.

7. I attempted to obtain the police body camera for the October 20, 2025 incident; however, the police records manager with the Milwaukie Police Department responded "[u]nder Oregon Public Records Law, BWC footage is not releasable for the purposes of civil litigation as

it would be a private – not public – interest. As such, the BWC footage remains denied under ORS 192.345(40)(b)."

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026, in the United States of America.

Diane J. Zelmer