**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: SUBPOENA TO ANDREW PERRONG** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 26-mc-99** |
| | : | |
| | : | |

# ORDER

**AND NOW**, this 23rd day of November 2026, upon consideration of Andrew Perrong's motion to quash (DI 1), DaBella Exteriors, LLC's opposition (DI 5), and Mr. Perrong's reply (DI 6), it is **ORDERED** that the motion is **TRANSFERRED** to the District of Oregon, Case No. 3:25-cv-00396-SI, for the reasons discussed below. The Clerk of Court shall **CLOSE** this case.

1. Mr. Perrong moves to quash a third-party subpoena issued to him by DaBella in *Weingrad v. DaBella Exteriors LLC*, No. 3:25-cv-00396-SI (D. Or.). In that case, Mr. Perrong represents the plaintiff. DaBella argues that we should transfer the motion to the issuing court in the District of Oregon under Federal Rule of Civil Procedure 45(f). Mr. Perrong opposes transfer. We agree with DaBella.

2. A target of a subpoena may move to quash in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). However, Rule 45(f) provides that when that court "did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, the Eastern District of Pennsylvania is the district where the subpoena requires compliance because it designates a location within the district as the place where Mr. Perrong must produce documents. *See In re Boeing Co. Aircraft Securities Litig.*, 344 F.R.D. 281, 282-83 (D.D.C. 2023). So Mr. Perrong properly brought the motion in this court, and we

may transfer it to the issuing court if Mr. Perrong consents or if there are exceptional circumstances.

3. Here, we find that exceptional circumstances warrant transferring the motion. We agree with the advisory committee that, in assessing whether exceptional circumstances are present, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Transfer is appropriate only if the interests in transfer "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* Here, there is an exceptionally low risk that Mr. Perrong would be subject to any additional burden by having to litigate the motion in the District of Oregon — Mr. Perrong has already entered an appearance in the underlying case, and the events giving rise to the subpoena happened in Oregon.

4. Additionally, we think this is a case where the issuing court is better suited to assess whether the subpoena should be enforced in light of its superior knowledge of the course of discovery in this matter. Our brief experience with the *Weingrad* action leads us to suspect Mr. Perrong is being needlessly obstructive during the discovery process and wasting court and party resources over disputes that should be worked out among the parties. Take service of the subpoena here, for example. Mr. Perrong refuses to accept service via email, even though it plainly gave him actual notice of the subpoena. *See* DI 1-3. And he refuses to coordinate with opposing counsel regarding physical service after they made multiple attempts to serve him in person. DI 5-7 ¶¶ 3-4. The rules governing service are aimed at protecting the fundamental due process interest of notice. They are not "a cat-and-mouse game" designed to force the serving party to expend time and resources. *See TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Col. 1994). Without having further context from the underlying matter, we would likely excuse

physical service. *See Doe v. Princeton University*, 349 F.R.D. 92, 101-02 (D.N.J. 2025). But we think the *Weingrad* court is in a better position to make this determination.

5. As an additional example, consider also Mr. Perrong's previous motion to quash a DaBella subpoena seeking similar records in the possession of his law firm, Perrong Law LLC. Order, *In re: Subpoena to Perrong Law, LLC*, 26-mc-88, DI 16 (E.D. Pa. Oct. 6, 2026). We denied that motion as filed in the improper district, a result that likely could have been avoided had Mr. Perrong met and conferred with opposing counsel regarding the place the subpoena designated for compliance. *Id.* at 2-3. We further questioned why Perrong Law was "expend[ing] court and party resources seeking to quash a subpoena when" the firm claimed to have no responsive materials, and we noted that "[i]nstead of demanding physical service and raising various substantive objections, Perrong Law could resolve this dispute by simply accepting email service for this particular subpoena and responding that it does not possess any responsive materials." *Id.* at 3. Mr. Perrong apparently did not take the hint. He again objects to the subpoena insofar as it seeks these records from Perrong Law "notwithstanding this Court's dismissal of the first subpoena and the Firm's sworn statement that it holds no responsive material." DI 1-1 at 17. We did not "dismiss[] the first subpoena"; we denied Mr. Perrong's motion to quash it because he filed it in the wrong place. Order, *In re: Subpoena to Perrong Law, LLC*, 26-mc-88, DI 16 (E.D. Pa. Oct. 6, 2026). And we suggested (we thought clearly enough) that it was a waste of the court's and the parties' time to litigate a motion to quash to over a dispute that could be avoided by a simple "we have no responsive records."

6. We appreciate that our insight into the case is limited; the District of Oregon Court overseeing the underlying action has more information regarding the course of discovery and is in a better position to assess Mr. Perrong's and DaBella's conduct with that context in

mind. *See* Order, *Weingrad v. DaBella Exteriors, LLC*, 3:25-cv-00396-SI, DI 77 at 6 (D. Or. June 23, 2026) (describing one of DaBella's discovery requests as a "fishing expedition" and as "tip[ping] too far into harassment"). Accordingly, we will transfer this motion to that court under Rule 45(f).

**MURPHY, J.**